# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS W. SPAUDE, *et al*., | ) | CASE NO. 1:16-cv-01836 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| PAUL MYSYK, *et al*., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

On November 29, 2017, this matter was referred to the undersigned Magistrate Judge "for a report and recommendation on the Motion to Vacate Judgment and For Leave to Amend Complaint (ECF #58) currently pending in the captioned action." (R. 58 & 68).

## I.   Procedural Background

On July 20, 2016, Plaintiffs Thomas W. Spaude, Angela M. Spaude, and Dennis C. Macieski (hereinafter "Plaintiffs"), individually and behalf of all others similarly situated, filed a Complaint naming the following parties as Defendants: Paul Mysyk; Harrison Schumacher; Quantum Energy, LLC; Quaneco, LLC; Phillips Murrah, P.C.; Robert O'Bannon; Beverly

Vilardofsky; and, Thomas Wolfe (hereinafter "Defendants").[1] (R. 1).

On September 16, 2016, Defendants O'Bannon and Vilardofsky filed a Motion to Dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 9). On July 14, 2017, this court issued a report and recommendation recommending that "the Motion to Dismiss (R. 9) be GRANTED with respect to Counts One, Two, Three, Four, Five and Seven, but DENIED with respect to the movants' alternative theories for dismissing Count One, as set forth above."[2] (R. 46). On July 28, 2017, Plaintiffs objected to the report and recommendation. (R. 47). On September 22, 2017, the District Court adopted the report and recommendation in its entirety and dismissed the claims against Defendants O'Bannon and Vilardofsky with prejudice. (R. 51 & 52, PageID# 336).

On October 20, 2017, Plaintiffs filed a motion to vacate judgement and leave to file amended complaint, which is the subject of the present report and recommendation. (R. 58). On November 3, 2017, Defendants O'Bannon and Vilardofsky filed a memorandum in opposition to the motion. (R. 63). Plaintiffs filed a reply in support of their motion on November 10, 2017. (R. 64). On January 5, 2018, Defendants O'Bannon and Vilardofsky filed a "Notice of Judicial Admission by Plaintiffs" in support of their opposition to Plaintiffs' motion to vacate judgment

---

[1]  Plaintiffs voluntarily dismissed their claims against Defendants Phillips Murrah P.C., and Thomas Wolfe without prejudice on September 16, 2016. (R. 7 & 8). Similarly, claims against Defendant Paul Mysyk were dismissed without prejudice on October 13, 2016. (R. 15).

[2]  The court made no recommendation with respect to Count Six of the Complaint, which alleged a breach of fiduciary duty against Defendants Quantum Energy, LLC, Quaneco, LLC, and Harrison Schumacher, as those Defendants had not filed a motion for dismissal. (R. 9, PageID# 287). On June 19, 2017, Plaintiffs applied to the Clerk of Court for default judgment against Defendants Quantum Energy, LLC, Quaneco, LLC, and Harrison Schumacher. (R. 37, 38 & 39). On July 7, 2017, the Clerk of Court entered default against those Defendants pursuant to Fed. R. Civ. P. 55(a). (R. 43, 44 & 45).

and or leave to amend the complaint.[3] (R. 71).

## II. Applicable Law

### A. Federal Civil Rule 59(e) Standard

Pursuant to Federal Rule of Civil Procedure 59(e) a Motion to Alter or Amend a Judgment "must be filed no later than 28 days after the entry of the judgment." A recent decision from this district has observed that "a motion made under Rule 59(e) is 'extraordinary' and is seldom granted because it runs afoul of the notions of finality and repose." *Hrivnak v. NCO Portfolio Mgmt.*, 994 F. Supp. 2d 889, 904 (N.D. Ohio 2014) (Nugent, J.) (*citing Bishawi v. Northeast Ohio Correctional Ctr.*, No. 4:12CV3106, 2014 WL 495501, *1 (N.D. Ohio Feb. 5, 2014) (Lioi, J.) (citations omitted)). Furthermore, a motion under Fed. R. Civ. P. 59(e) to alter or amend should only be granted if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (*citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted)).

"[P]arties should not use [motions under Rule 59(e)] to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *accord Urso v. Farley*, No. 4:12 CV1261, 2013 WL 5309111 at *1 (N.D. Ohio Sept. 19, 2013) (Polster, J.). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of

---

[3] Other pending motions have not been referred to this court.

the issue." *Bozsik v. Bradshaw*, No. 1:03CV1625, 2012 WL 1095512, at *1 (N.D. Ohio Mar. 30,

2012) (internal quotation marks omitted), *aff'd sub nom. Bozsik v. Bagley*, 534 F. App'x 427 (6th

Cir. 2013) (citations omitted); *Przybysz v. City of Toledo*, No. 3:16CV0353, 2018 WL 400325, at

*3 (N.D. Ohio Jan. 12, 2018) (same).

**B. Federal Rule 15(a) Standard**

Pursuant to Fed. R. Civ. P. 15(a)(2) governing "other amendments" before trial, a pleading

may only be amended by leave of court, which should be freely given "when justice so requires."

Nevertheless, the Sixth Circuit Court of Appeals has observed that motions to amend filed *after*

judgment should be construed differently:

> Rule 15 requests to amend the complaint are frequently filed and, generally
> speaking, "freely" allowed. But when a Rule 15 motion comes after a judgment
> against the plaintiff, that is a different story. Courts in that setting must
> "consider[] the competing interest of protecting the finality of judgments and the
> expeditious termination of litigation." *Morse*, 290 F.3d at 800. If a permissive
> amendment policy applied after adverse judgments, plaintiffs could use the court
> as a sounding board to discover holes in their arguments, then "reopen the case by
> amending their complaint to take account of the court's decision." *James v. Watt*,
> 716 F.2d 71, 78 (1st Cir.1983) (Breyer, J.). That would sidestep the narrow
> grounds for obtaining post-judgment relief under Rules 59 and 60, make the
> finality of judgments an interim concept and risk turning Rules 59 and 60 into
> nullities. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal
> Practice and Procedure § 1489 (3d ed.2010).
>
> **When a party seeks to amend a complaint after an adverse judgment, it thus
> must shoulder a heavier burden. Instead of meeting only the modest
> requirements of Rule 15, the claimant must meet the requirements for
> reopening a case established by Rules 59 or 60**. *See In re Ferro Corp.
> Derivative Litig*., 511 F.3d 611, 624 (6th Cir. 2008); *United States ex rel. SNAPP,
> Inc. v. Ford Motor Co.*, 532 F.3d 496, 507 (6th Cir. 2008). In post-judgment
> motions to amend, as a result, "the Rule 15 and Rule 59 inquiries turn on the same
> factors." *Morse*, 290 F.3d at 799.

*Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615-16 (6th Cir. 2010)

(emphasis added).

### III. Analysis

The court addresses the motion to vacate first, because the issue of whether Plaintiffs should be permitted to amend their complaint is contingent on their ability to first meet the demands associated with Fed. R. Civ. P. 59(e). In their motion to vacate judgment, Plaintiffs do not assert a clear error of law, an intervening change in controlling law, or the need to prevent a manifest injustice as grounds for vacating the judgment.[4] However, Plaintiffs do assert that judgment should be vacated "in light of the new evidence obtained from Plaintiffs' counsel's discussions with [Defendant Paul] Mysyk." (R. 58-1, PageID# 377). Plaintiff's counsel also indicates that he received documents from Defendant Mysyk that he did not believe were privileged, but nevertheless, treated them as such. (R. 58-1, PageID# 375-376).

It is uncontroverted, based on Plaintiffs' own representations, that the information they claim consists of "new evidence" was known to them long before the court issued its report and recommendation on July 14, 2017. In their motion, Plaintiffs aver that they entered into a cooperation agreement with Defendant Mysyk on October 12, 2016, and in connection with the agreement Plaintiffs "debriefed" Mysyk on his knowledge and involvement with the Quantum scheme that lays at the heart of the complaint. (R. 58-1, PageID# 374). Plaintiffs obtained this

---

[4] In their reply, Plaintiffs argue for the first time that the judgment should be vacated because a manifest injustice will result. (R. 64, PageID# 467-469). "[T]he Sixth Circuit repeatedly has recognized that arguments raised for the first time in a party's reply brief are waived." *Sims v. Piper*, No. 07-14380, 2008 WL 3318746, at *5 (E.D. Mich. Aug. 8, 2008) (*citing United States v. Lopez-Medina*, 461 F.3d 724, 743 (6th Cir.2006) and *Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.*, 436 F.3d 662, 676 (6th Cir. 2006)). In any event, the court is unconvinced that a manifest injustice would result, as Plaintiffs are solely responsible for their strategic decision not to seek leave to amend the complaint until after judgment was entered against them. Furthermore, their adamant resolve that the documents in question are unprivileged belies their claims in the reply brief that Defendants' contrary position somehow prevented them from seeking to amend their complaint.

information less than a month after the motion to dismiss was filed and nine months before the report and recommendation, yet did not seek to amend their complaint at that time. Plaintiffs were also in possession of the documents received from Mysyk no later than January 16, 2017 when a mediation conference was held.[5] (R. 21). Thus, Plaintiffs had all the information necessary to amend their complaint more than six months before the report and recommendation was issued, but opted not to do so. Such information cannot reasonably be construed as "new evidence" warranting the extraordinary remedy of vacating a judgment.

In *Leisure Caviar, LLC*, the Sixth Circuit noted that the district court's decision to deny a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment was based on the determination that "the plaintiffs had failed to demonstrate that their 'newly discovered' evidence 'was unavailable *prior to [the] Court's ruling on Defendants' Motion to Dismiss*." 616 F.3d at 615 (emphasis added). The Court of Appeals affirmed the district court's decision, noting that evidence that was previously available did not constitute "newly discovered evidence." 616 F.3d at 616-617 (noting that a court acts within its discretion in denying a Rule 15 and a Rule 59 motion on account of "undue delay," which includes delay resulting from a failure to incorporate evidence previously available to the moving party) (*citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Similarly in the case at bar, Plaintiffs possessed the evidence that they now seek to portray as "new evidence" long before the court ruled on the motion to dismiss. Therefore, Plaintiffs have engaged in undue delay in seeking to amend the complaint. In their reply brief, Plaintiffs

---

[5] Plaintiffs' brief in support of their motion states that they shared some of these documents, specifically emails, with the Phillips Murrah Defendants during mediation. (R. 58-1, PageID# 375-376).

suggest that they did not attempt to amend the complaint prior to the court's ruling on the motion to dismiss because Defendants suggested the alleged new evidence was privileged. However, that plainly was not Plaintiffs' position and their strategic choice not to seek leave to amend the complaint cannot be shifted onto the Defendants. Just as nothing prevented Plaintiffs from filing the present motion to amend, there was simply no impediment to Plaintiffs seeking leave to amend based on the new evidence a year earlier and before the court's ruling. Furthermore, despite Plaintiffs asserting there was question whether the so-called new evidence was privileged, they have failed to demonstrate that the privilege issue is material. Plaintiffs have cited no law suggesting that the allegations in a complaint may not be based in whole or in part on information that may ultimately be determined by a court to be subject to a privilege. In fact, Fed. R. Civ. P. 11(b)(2) merely states that "factual contentions" made to the court in signed pleadings should "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

To the extent Plaintiffs assert that they attempted to raise the issue of the new evidence in their first motion for leave to file a motion for determination of privilege, nothing in that half-page filing indicated the motion had any bearing on the pending motion to dismiss, or that the information subject to a privilege dispute would impact the filing of a motion to amend. (R. 33). In fact, in denying the motion for determination of privilege, the District Court specifically noted that "[t]here is no information in this pleading that this motion has any relation to the motion to dismiss." (R. 36). Thus, any suggestion that the court frustrated Plaintiffs' ability to amend its complaint would be spurious.[6]

---

[6] Similarly, Plaintiffs' argument that the post-judgment motion to amend is not untimely is also meritless. Plaintiffs note that, according to the Report of Parties' Planning Meeting, the

The court finds that Plaintiffs have failed to demonstrate that their alleged new evidence was unavailable to them prior to the ruling on Defendants' Motion to Dismiss. Therefore, they have failed to set forth a basis for altering and amending the judgment under Fed. R. Civ. P. 59(e). Consequently, their motion to amend is moot, as Plaintiffs must first satisfy the requirements for reopening a case. *Leisure Caviar, LLC*, 616 F.3d at 615-16 (stating that in post-judgment motions to amend, "the Rule 15 and Rule 59 inquiries turn on the same factors.") (citations omitted).[7]

Furthermore, as the District Court recently held in a case with similar facts, "there is no danger that 'manifest injustice' will occur if Plaintiff is denied the opportunity to amend. First, as discussed, Plaintiff had an abundance of opportunities to amend before judgment was entered, but chose the alternate path of standing by his deficient Complaint. Second, Plaintiff has failed to provide any cogent identification of 'critical facts' unavailable to Plaintiff prior to dismissal." *Hrivnak*, 994 F. Supp. 2d at 906.

### IV. Conclusion

For the foregoing reasons, it is recommended that the Motion to Vacate Judgment and

---

recommended cut-off date for amending the pleadings and/or adding additional parties was "30 days after decision on the Motion to Dismiss." (R. 58-1, PageID# 380, *citing* R. 14, PageID# 129). There is no indication in the minutes from the Court's subsequent case management conference that such a peculiar arrangement was adopted by the Court. (R. 18).

[7] The court declines to address as moot the issue of whether the proposed amended complaint is futile or whether the amendments cured the deficiencies in the dismissed complaint. The court does note, however, that Plaintiffs arguments in this regard are cursory and conclusory. (R. 58-1, PageID# 381-383). Their memorandum fails to identify the substance of the information (as opposed to the source) contained in the allegedly new evidence, fails to establish that Plaintiffs were unable to make the necessary factual allegations without the information, and finally, the memorandum fails to include any meaningful legal analysis setting forth how the amended complaint would withstand a renewed motion to dismiss based on the same arguments. *Id*.

For Leave to Amend Complaint (R. 58) be DENIED.

s/ *David A. Ruiz*

David A. Ruiz
United States Magistrate Judge

Date: February 2, 2018

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.** 28 U.S.C. § 636(b)(1)**. Failure to file objections within the specified time may waive the right to appeal the district court's order.** ***See*** *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)**;** *Thomas v. Arn*, 474 U.S. 140 (1985)**,** ***reh'g denied*,** 474 U.S. 1111 (1986)**.**